IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00241-ZLW

STEPHEN SHEFFIELD, #11091-007,

    Plaintiff,

v.

WARDEN C. DANIEL,
DOCTOR MR. BURKLE,
DOCTOR MR. FRANCO, and
DOCTOR MR. ALLRED,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Stephen Sheffield, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed a *pro se* motion titled, "Brief: In Regarding to [sic] the Dismissal of Plaintiff, Civil Action Pursuant to Local Rule 28 U.S.C. § 1915," on May 18, 2010. The Court must construe the motion liberally because Mr. Sheffield is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The "Brief: In Regarding to [sic] the Dismissal of Plaintiff, Civil Action Pursuant to Local Rule 28 U.S.C. § 1915," therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Sheffield filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Sheffield fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

On February 4, 2010, Magistrate Judge Boyd N. Boland granted Mr. Sheffield leave to proceed pursuant to 28 U.S.C. § 1915. The February 4 Order required Mr. Sheffield to pay the full amount of the $350.00 filing fee in installments and directed him to pay an initial partial filing fee of $1.00 within thirty days or to show cause why he had no assets and no means to pay the initial fee by filing a current certified copy of his trust fund account statement. The Order warned Mr. Sheffield that if he failed to have the initial partial filing fee sent to the Clerk of the Court by the designated deadline or to show cause why he had no assets and no means by which to pay the initial fee the Complaint would be dismissed without further notice.

On February 17, 2010, Mr. Sheffield filed a motion requesting an extension of time to pay the $1.00 filing fee, which Magistrate Judge Boland granted by Minute

Order dated February 18, 2010. On March 9, 2010, Mr. Sheffield filed a second motion requesting an extension of time to pay the filing fee, which Magistrate Judge Boland granted by Minute Order dated March 10, 2010. On April 13, 2010, Mr. Sheffield filed a letter with the Court, in which he stated that he was having difficulties withdrawing the $1.00 filing fee from his inmate account. Magistrate Judge Boland construed the letter as a third request for extension of time to pay the filing fee and granted the request by Minute Order dated April 14, 2010. Further, Magistrate Judge Boland warned Mr. Sheffield that he had until May 5, 2010 to pay the fee or to show cause why he cannot. Mr. Sheffield was reminded that failure to do so within the time allowed would result in dismissal of the instant actions.

On May 12, 2010, the Court entered an order dismissing Mr. Sheffield's complaint without prejudice for failure to pay the initial partial fee of $1.00 or to show cause why he had no assets and no means to pay the initial fee. In doing so, the Court noted that Mr. Sheffield had not communicated with the Court nor submitted anything for filing since April 13, 2010.

Mr. Sheffield asserts in his Motion to Reconsider that the reason he was unable to pay the $1.00 filing fee is because he attempted to sue Warden Daniel and other prison officials. He further states that he "cant [sic] force the business officer to withdraw the money out of [his] account to pay the fee for the Court." Motion at 2. Other than these conclusory allegations, Mr. Sheffield provides no evidence or other support for his assertion that prison officials have delayed or refused to respond to his requests to withdraw money from his inmate trust fund account.

Accordingly, Mr. Sheffield has not asserted any of the major grounds that would

justify reconsideration in his case, and the Motion for Reconsideration will be denied. *See Servants of the Paraclete*, 204 F.3d at 1012.

Mr. Sheffield is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the "Brief: In Regarding to [sic] the Dismissal of Plaintiff, Civil Action Pursuant to Local Rule 28 U.S.C. § 1915," filed on May 18, 2010 is construed as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this  19th   day of   May  , 2010.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00241-ZLW

Stephen Sheffield
Reg No. 11091-007
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/21/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk